**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 24, 2010

Lyle W. Cayce
Clerk

No. 10-50334
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

WALTER RANDALE RAMOS,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-124-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Walter Randale Ramos appeals the 240-month sentence imposed in connection with his guilty-plea conviction for possession with the intent to distribute at least 50 grams of methamphetamine.  Ramos argues that the district court erred by denying a reduction for acceptance of responsibility under U.S. Sentencing Guidelines (U.S.S.G.) § 3E1.1. He contends that his explanation regarding the presence of drugs found in his vehicle was not essential to the conduct of the offense.  Ramos asserts that he is entitled to a reduction for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acceptance of responsibility because he pleaded guilty and did not contest the factual basis.

A defendant may receive a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1 if he "clearly demonstrates acceptance of responsibility for his offense." U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(a). The defendant bears the burden of demonstrating that the reduction is warranted. *United States v. Watson,* 988 F.2d 544, 551 (5th Cir. 1993). "While the district court's findings under the sentencing guidelines are generally reviewed for clear error, a determination whether a defendant is entitled to an adjustment for acceptance of responsibility is reviewed with even greater deference." *United States v. Buchanan,* 485 F.3d 274, 287 (5th Cir. 2007). "We will affirm a sentencing court's decision not to award a reduction" pursuant to § 3E1.1 unless the decision is "without foundation." *United States v. Juarez-Duarte,* 513 F.3d 204, 211 (5th Cir. 2008) (per curiam) (internal quotation marks and citation omitted).

The district court did not err in denying credit for acceptance of responsibility. The court did not find credible Ramos's explanation of his possession of the methamphetamine. Ramos's claim that he believed he was in possession of a pair of shoes when he stole a fruit snacks box containing methamphetamine was an attempt to minimize his conduct by denying his knowledge of the methamphetamine. *See Watson*, 988 F.2d at 551. Contrary to Ramos's argument on appeal, guilty knowledge is an essential element of the offense. *See United States v. Solis*, 299 F.3d 420, 446 (5th Cir. 2002). Given the deference owed to a district court's findings on acceptance of responsibility, Ramos has not shown that the denial of the reduction was without foundation. *See Juarez-Duarte,* 513 F.3d at 211.

Accordingly, the judgment of the district court is AFFIRMED.